**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 19-1886**

MARGIE TOLLESON,

             Plaintiff - Appellant,

        v.

COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION,

             Defendant - Appellee.

Appeal from the United States District Court for the District of South Carolina, at Beaufort. Terry L. Wooten, Senior District Judge. (9:18-cv-00333-TLW)

Submitted: March 30, 2021                    Decided: August 13, 2021

Before GREGORY, Chief Judge, MOTZ, and HARRIS, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Dana W. Duncan, DUNCAN DISABILITY LAW, S.C., Nekoosa, Wisconsin, for Appellant. Sherri A. Lydon, United States Attorney, Beth Drake, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Columbia, South Carolina; Brian C. O'Donnell, Acting Regional Chief Counsel, Stephen Giacchino, Supervisory Attorney, Joanne K. Kernicky, Assistant Regional Counsel, Office of the General Counsel, SOCIAL SECURITY ADMINISTRATION, Philadelphia, Pennsylvania, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Margie Tolleson appeals the district court's order accepting the magistrate judge's recommendation and upholding the Administrative Law Judge's (ALJ) denial of Tolleson's application for disability insurance benefits. "In social security proceedings, a court of appeals applies the same standard of review as does the district court. That is, a reviewing court must uphold the determination when an ALJ has applied correct legal standards and the ALJ's factual findings are supported by substantial evidence." *Brown v. Comm'r Soc. Sec. Admin.*, 873 F.3d 251, 267 (4th Cir. 2017) (citation and internal quotation marks omitted). "Substantial evidence is that which a reasonable mind might accept as adequate to support a conclusion. It consists of more than a mere scintilla of evidence but may be less than a preponderance." *Pearson v. Colvin*, 810 F.3d 204, 207 (4th Cir. 2015) (citation and internal quotation marks omitted). "In reviewing for substantial evidence, we do not undertake to reweigh conflicting evidence, make credibility determinations, or substitute our judgment for that of the ALJ. Where conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the ALJ." *Hancock v. Astrue*, 667 F.3d 470, 472 (4th Cir. 2012) (brackets, citation, and internal quotation marks omitted).

We have reviewed the record and perceive no reversible error. The ALJ applied the correct legal standards in evaluating Tolleson's claim for benefits, and the ALJ's factual findings are supported by substantial evidence. Accordingly, we affirm the district court's judgment upholding the denial of benefits. *See Tolleson v. Comm'r of Soc. Sec. Admin.*, No. 9:18-cv-00333-TLW (D.S.C. June 20, 2019). We dispense with oral argument because

the facts and legal contentions are adequately presented in the materials before this court

and argument would not aid the decisional process.

*AFFIRMED*